**WILENTZ, GOLDMAN & SPITZER, P.A.**
90 Woodbridge Center Drive
Suite 900, Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
**DAVID H. STEIN, ESQ.**
*Attorneys for Plaintiff,*
*USA Professional Medical Services of New York LLC*
*t/a USA Clinics Group*

-----------------------------------------------------X
In re:                                                                   :
                                                                              :        **UNITED STATES BANKRUPTCY**
LASHEANA GAMBLE,                                    :        **COURT FOR THE DISTRICT OF**
                                                                              :        **NEW JERSEY**
                                          Debtor.           :
                                                                              :
_____ X
                                                                              :        Chapter 7
USA PROFESSIONAL MEDICAL          :
SERVICES OF NEW YORK LLC T/A  :        Case No. 24-10896 (RG)
USA CLINICS GROUP,                           :
                                                                              :
                                          Plaintiff,        :
v.                                                                          :        Adv. Pro. No.:
                                                                              :
LASHEANA GAMBLE,                                    :
                                                                              :
                                          Defendant.    :
-----------------------------------------------------X

---

### ADVERSARY COMPLAINT SEEKING JUDGMENT DENYING
### DEBTOR A DISCHARGE PURSUANT TO 11 U.S.C. § 523
---

USA Professional Medical Services of New York LLC t/a USA Clinics Group (the "Plaintiff"), by way of Adversary Complaint against the Debtor, Lasheana Gamble (the "Defendant" or the "Debtor"), respectfully represents and shows unto the Court as follows:

#14335905.1 172900.007

## JURISDICTION AND VENUE

1. This is an adversary complaint filed pursuant to 11 U.S.C. § 523 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 4007 and 7001 to determine the dischargeability of the debt owed to the Plaintiff.

2. This Court has jurisdiction over the adversary proceeding pursuant to 28 U.S.C. § 1334(b) because this is a core proceeding arising under Title 11, it involves the enforcement of rights granted under the United States Code, and because of the Order pursuant to the Bankruptcy Amendments and Federal Judgeship Act of 1984, referring all "core" proceedings arising under Title 11, and all proceedings that are "noncore" proceedings, but otherwise related to a case under Title 11.

3. By virtue of 28 U.S.C. § 157(a), this Adversary Proceeding was referred to the United States Bankruptcy Court for the District of New Jersey.

4. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A), (I) and (O), since this matter concerns the administration of the Defendant's estate, determination as to the dischargeability of a particular debt, and the proceedings affecting the adjustment of a debtor-creditor relationship.

5. Pursuant to Federal Rule of Bankruptcy Procedure 7008, Plaintiff consents to the entry of Final Orders and Judgments by the Bankruptcy Court.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

7. On January 31, 2024 (the "Petition Date"), the Defendant filed a voluntary petition for relief pursuant to Title 11, Chapter 7 of the United States Code (the "Bankruptcy Code").

## THE PARTIES

8. Plaintiff is a professional corporation organized and existing under the laws of the State of New York, with its principal place of business located at 304 Wainwright Drive, Northbrook, IL 60062.

9. Defendant is an individual residing in the State of New Jersey at 133 Cedar Avenue, Hackensack, New Jersey 07601.

## BACKGROUND FACTS COMMON TO ALL COUNTS

10. In order to induce Plaintiff to provide professional services, Defendant entered into an Assignment of Benefits agreement with Plaintiff whereby she agreed to and did in-fact assign and convey insurance benefits to Plaintiff (the "Payment Agreement").

11. In reliance on the representations contained in the Payment Agreement, between the dates of September 4, 2018 and December 17, 2018, certain professionals working for the Plaintiff provided services to the Defendant.

12. Subsequent to Defendant's receipt of these professional services, Defendant's insurance company, United Healthcare Insurance Company, provided insurance benefits checks to Defendant for the expense of such professional services, which payments were previously designated, assigned and conveyed to Plaintiff.

13. Pursuant to the Payment Agreement with Plaintiff, Defendant was required to endorse the checks, hold same in trust, and then forward them to Plaintiff as payment for the services so rendered.

14. Defendant failed to endorse the checks and forward them to Plaintiff. Instead, the Defendant retained the funds, in direct contravention of the Payment Agreement, and converted them for her own use and benefit, which action was contrary to her express, overt

and direct representations and statements, as well as to the terms of the Payment Agreement. Defendant has not paid for the professional services provided to her by Plaintiff.

15. Plaintiff has made repeated pre-petition demands upon Defendant for payment for the services, but Defendant has failed and refused to remit payment.

## **COUNT I**

16. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth at length herein.

17. Defendant made false representations and false pretenses when she agreed to assign her insurance benefits to Plaintiff in order to induce Plaintiff to provide various professional services for her. In fact, Defendant never intended to fulfill her obligations under the Payment Agreement with Plaintiff. Her intent is evidenced by the fact that she has failed to remit any portion of the insurance checks or any form of payment to Plaintiff and has ignored Plaintiff's pre-petition collection efforts and demands for payment.

18. Defendant entered into the Payment Agreement with the express intent to deceive the Plaintiff into believing that it would receive payment for services rendered.

19. Plaintiff reasonably and justifiably relied upon the materially false pretenses, materially false representations and materially false statements made by Defendant in connection with its decision to enter into the Payment Agreement with and perform services for the Defendant.

20. In addition, Defendant committed actual fraud and defalcation by retaining the checks received from her insurance company for her own use and benefit, to the detriment of Plaintiff.

21. Plaintiff has been damaged by Defendant's false representations and false pretenses and by the actual fraud perpetrated by Defendant. Defendant has neither repaid the

funds that she owes to Plaintiff nor has she assigned the checks from her insurance company to Plaintiff.

22. As a result of the Defendant's intentional, overt and direct conduct as aforesaid, Plaintiff has been injured and harmed. The foregoing conduct is a violation of 11 U.S.C. § 523(a)(2)(A) of the Bankruptcy Code. Accordingly, the debt owed to Plaintiff is nondischargeable. Discovery may reveal additional instances of fraud and defalcation.

**WHEREFORE,** Plaintiff USA Professional Medical Services of New York LLC t/a USA Clinics Group demands that judgment on Count I of the Complaint be entered against the Defendant, Lasheana Gamble denying her a discharge of the debt owed to Plaintiff, awarding damages in the amount of $15,934.00, together with attorneys' fees, interest, costs of suit, entering judgment in the amount sought in the Complaint, and for such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT II

23. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth at length herein.

24. Defendant knowingly and intentionally, through the use of actual, direct and overt misrepresentations and false pretenses, induced Plaintiff to enter into the Payment Agreement.

25. Defendant made materially false statements with the actual intent to deceive and induce Plaintiff to enter into the Payment Agreement.

26. By virtue of the terms of the Payment Agreement requiring Defendant to endorse and forward the insurance benefits checks to Plaintiff, Defendant owed a fiduciary duty to Plaintiff to hold the insurance checks in trust for the benefit of Plaintiff and to ensure that the

checks were sent to Plaintiff. Defendant did not have any right to retain the insurance benefits checks or the proceeds therefrom. The Defendant was required to act as a trustee and/or fiduciary with respect to the insurance benefits checks.

27. Defendant owed a fiduciary duty to Plaintiff to ensure that the insurance benefits checks, which were Plaintiff's property, were sent to Plaintiff.

28. Defendant retained the proceeds of insurance benefits checks. The actions and conduct of Defendant constitute overt, direct and actual fraud or defalcation while acting in a fiduciary capacity, embezzlement, and/or larceny.

29. By converting the funds that were required to be assigned to Plaintiff and were Plaintiff's property, Defendant engaged in an actual fraud and/or defalcation while acting in a fiduciary duty.

30. Plaintiff has been damaged by Defendant's fraudulent conduct. Defendant has not repaid the funds that she owes to Plaintiff or sent the endorsed checks to Plaintiff.

31. As a result of Defendant's conduct as aforesaid, Plaintiff has been injured. The foregoing conduct violates 11 U.S.C. § 523(a)(4) of the Bankruptcy Code. Discovery may reveal additional instances of fraud, defalcation, embezzlement and/or larceny.

**WHEREFORE,** Plaintiff USA Professional Medical Services of New York LLC t/a USA Clinics Group demands that judgment on Count II of the Complaint be entered against the Defendant, Lasheana Gamble denying her a discharge of the debt owed to Plaintiff, awarding damages in the amount of $15,934.00, together with attorneys' fees, interest, costs of suit, entering judgment in the amount sought in the Complaint, and for such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Plaintiff expressly reserves the right to amend the Complaint should discovery and/or further investigation warrant the assertion of any additional claims.

        Respectfully,

**WILENTZ, GOLDMAN & SPITZER, P.A.**
*Attorneys for Plaintiff,*
*USA Professional Medical Services of*
*New York LLC t/a USA Clinics Group*

/s/ *David H. Stein*
DAVID H. STEIN, ESQ.

Dated: April 2 2024